UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMARR RENE BOBBY NELSON PERKINS, <br><br> Plaintiff, <br><br> v. <br><br> TASHA BROWN et al., <br><br> Defendants. | Case No. 2:25-cv-04073-SB-SHK <br> Case No. 2:25-cv-04158-SB-SHK <br> Case No. 2:25-cv-04159-SB-SHK <br><br> ORDER TO SHOW CAUSE WHY THE CASES SHOULD NOT BE DISMISSED FOR FAILURE TO PAY THE FILING FEE |
| LAMARR RENE BOBBY NELSON PERKINS, <br><br> Plaintiff, <br><br> v. <br><br> GLORIA ALLRED et al., <br><br> Defendants. | |
| LAMARR RENE BOBBY NELSON PERKINS, <br><br> Plaintiff, <br><br> v. <br><br> DEPUTY MORENO HERNANDEZ et al., <br><br> Defendants. | |

    Plaintiff Lamarr Rene Bobby Nelson Perkins, a self-represented prisoner at the Los Angeles County Jail, filed three complaints on May 5, 2025 without paying

1

the required filing fees or submitting requests to proceed in forma pauperis (IFP). In each case, the clerk's office notified him of the deficiency and directed him to either pay the filing fee or submit an IFP request within 30 days, noting that failure to do so within 30 days may result in dismissal.

However, a prisoner[1] may not proceed IFP if, "on 3 or more prior occasions, while incarcerated or detained in any facility, [he] brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff, therefore, cannot proceed IFP. He has accumulated five "strikes" under § 1915(g)—i.e., filed five actions while in jail that were dismissed as frivolous. *Nelson v. Starr*, No. 2:25-cv-01407-SB (C.D. Cal.); *Nelson v. Biden*, No. 2:25-cv-03601-SB (C.D. Cal.); *Nelson v. Harris*, No. 2:25-cv-03602-SB (C.D. Cal.), *Nelson v. Gonzalez*, No. 2:25-cv-03462-SB (C.D. Cal.); *Nelson v. Mai*, No. 2:25-cv-03599-SB (C.D. Cal.).[2] Nor do any of his complaints allege an "imminent danger of serious physical injury" that would exempt him from the three-strikes rule.[3] *See Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022) ("[T]he imminent danger exception to § 1915(g) requires a nexus between the alleged imminent danger and a prisoner's complaint."). To proceed, he must pay the filing fee for each action that he is pursuing, and failure to do so in any action will result in its dismissal.

---

[1] Prisoner is defined broadly to include "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

[2] Plaintiff refers to himself interchangeably as Lamarr Rene Bobby Nelson, Lamarr Perkins, Lamarr Rene Perkins, and Lamarr Rene Bobby Nelson Perkins. *See, e.g.*, *Perkins v. Allred*, No. 2:25-cv-04158-SB (C.D. Cal), Dkt. No. 1 at 7 of 10 (identifying his various names).

[3] *Perkins v. Brown*, No. 2:25-cv-04073-SB (C.D. Cal.), Dkt. No. 1 (alleging, inter alia, he was not sent free magazines, his music was stolen, and he was not paid for certain business ventures); *Allred*, Dkt. No. 1 (alleging, inter alia, his property was stolen and he was defrauded); *Perkins v. Hernandez*, No. 2:25-cv-04159-SB (C.D. Cal.), Dkt. No. 1 (alleging, inter alia, he was denied a phone call and shower in jail, his public defender performed deficiently, and money was stolen from him).

  Accordingly, Plaintiff is ordered to pay the filing fee in each one of these actions by June 27, 2025. Failure to do so will result in dismissal without prejudice.

Date: June 2, 2025

                 Stanley Blumenfeld, Jr.
                 United States District Judge