UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMARR RENE BOBBY NELSON PERKINS,<br><br>    Plaintiff,<br><br>v.<br><br>TASHA BROWN et al.,<br><br>    Defendants. | Case No. 2:25-cv-04073-SB-SHK<br><br>ORDER DISMISSING CASE FOR LACK OF PROSECUTION |

On July 9, 2025, the Court ordered Plaintiff to file a notice of change of address by July 18, 2025 and warned that failure to comply would result in dismissal of the case for lack of prosecution. Dkt. No. 8. Plaintiff has failed to timely comply with the Court's order.

The most basic obligation of a party who files a lawsuit is to provide current contact information. Without it, the court cannot communicate with the party, hampering docket management, delaying resolution, risking prejudice to the defendants, and limiting available sanctions. Although cases should generally be decided on the merits, a party who fails to keep the court informed of his or her contact information effectively prevents that from occurring. These factors weigh heavily in favor of dismissal here. *See Moneymaker v. Coben (In re Eisen)*, 31 F.3d 1447, 1452–53 (9th Cir. 1994) (describing the factors to be considered before dismissing a case under Fed. R. Civ. P. 41(b)).

Accordingly, this case is dismissed without prejudice. *See* L.R. 41-8 ("If a Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other

Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.").


Date: July 29, 2025 

_____
Stanley Blumenfeld, Jr.
United States District Judge